1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
3   MIRANDA KANE (CABN 150630)
    Criminal Chief
4   DENISE MARIE BARTON (MABN 634052)
    Assistant United States Attorney
5
6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
7       Telephone: (415) 436-7359
        Facsimile: (415) 436-7234
8       E-mail:    denise.barton@usdoj.gov

9                       UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13   UNITED STATES OF AMERICA,      )    CR No. 12-0578 SI
                                     )
14               Plaintiff,          )    STIPULATION AND [~~PROPOSED~~]
                                     )    PROTECTIVE ORDER RE:
15           v.                      )    DISCOVERY OF FINANCIAL AND
                                     )    PERSONAL IDENTITY
16   NGOC DUONG,                     )    INFORMATION
         a/k/a Danny Duong, and      )
17   HONG LEE WONG,                  )
         a/k/a William Wong,         )
18                                   )
                 Defendants.         )
19   _____)

20

21          This case involves allegations that the Defendants committed wire fraud, in violation of

22   18 U.S.C. § 1343, conspired to commit wire fraud, in violation of 18 U.S.C. § 1349, and

23   committed aggravated identity theft using personal information of others in connection with the

24   charged counts of wire fraud and conspiracy to commit wire fraud, all in violation of 18 U.S.C. §

25   1028A.

26          There will be discovery in this case, including financial institution records and other

27   records and documents with personal identifying information of the defendants and others,

28   including but not limited to:  (1) Social Security numbers; (2) bank account numbers; (3) tax

1    information; and (4) personal identity information (including, for example, names, dates of birth,

2    home addresses, and driver's license numbers) (hereinafter referred to as "Confidential

3    Information").

4          Because of the amount of discovery, including discovery containing Confidential

5    Information, that will be produced in this case, and pursuant to Federal Rule of Criminal

6    Procedure 16(d), the parties stipulate that all prior and future disclosure of discovery is subject to

7    the following restrictions:

8          1.      Except when being actively examined for the purpose of the preparation of the

9    defense, all discovery containing Confidential Information produced by the United States shall

10   be maintained in an physical or electronic location that is accessible only to defense counsel or

11   other attorneys and employees of defense counsel's law office.  Defense counsel shall not permit

12   any person access of any kind to the discovery except as set forth below.

13         2.      The following individuals may examine the discovery containing Confidential

14   Information for the purpose of preparing the defense:

15         (a)     Counsel for each Defendant, and any other attorneys, paralegals, or

16                 investigators in counsel's law office (the "defense team");

17         (b)     Each Defendant, but only in the presence of said Defendant's counsel; and

18         (c)     Any outside expert retained by the defense to analyze the discovery in this

19                 matter.

20         3.      The defense team may provide discovery containing Confidential Information to

21   the defendants for review outside of the presence of the defense team only if all Confidential

22   Information has been redacted prior to disclosure to the defendant.

23         4.      A copy of this Order shall be maintained with the discovery at all times.  Counsel

24   will advise all members of the defense team of the limitations on use of discovery and provide

25   them with a copy of this Order.

26         5.      Except as provided in this Protective Order, absent further Order of this Court,

27   documents produced in discovery may not be provided to witnesses.  However, as part of

28   preparing a defense, the defense team may show documents produced in discovery, including

documents containing Confidential Information, to witnesses.  To the extent practicable, when showing documents containing Confidential Information to witnesses, the defense team shall take efforts to limit disclosure of Confidential Information, e.g., redacting those sections of the document that do not need to be shown to a witness.  The defense team shall keep a list of witnesses to whom disclosure of Confidential Information was made and the date on which disclosure was made, which will not be made available to the United States absent a Court Order.

6.     All pleadings will comply with Federal Rule of Criminal Procedure 49.1 regarding redaction of certain identifying information.  Further, all trial exhibits shall be redacted to ensure that no Confidential Information is publicly filed or displayed in court.

7.     Within 30 days of the judgment and sentencing hearing(s) in this matter, or within 30 days of any other resolution of the charges, all discovery provided to defense counsel in the above-captioned matter, and all other authorized copies, if any, shall be returned to the United States.  If an appeal is noticed and the undersigned defense counsel continue to represent the Defendants on appeal, said defense counsel may continue to retain possession of all discovery according to the terms of this Order until 30 days after the conclusion of the matter in the Court of Appeals, at which point all discovery produced by the United States and any authorized copies shall be returned to counsel for the United States.  As an alternative to return of the materials

//
//
//
//
//
//
//
//
//
//

1  //

2  produced and any copies, defense counsel may instead destroy the discovery produced and any

3  copies, and send a letter to counsel for the United States certifying that all such discovery has

4  been destroyed in accordance with the terms of this Order.

5

6  IT IS SO STIPULATED:

7  DATED:   August 23, 2012

8
                                                    MELINDA HAAG
9                                                   United States Attorney

10
                                                    _____/s/_____
11                                                  DENISE MARIE BARTON
                                                    Assistant United States Attorney
12

13                                                  _____/s/_____
14                                                  CLAIRE LEARY
                                                    Attorney for NGOC DUONG
15

16                                                  _____/s/_____
17                                                  DANIEL P. BLANK
                                                    Attorney for HONG LEE WONG
18

19

20                    **[PROPOSED] PROTECTIVE ORDER**

21

22  IT IS SO ORDERED.

23

24  DATED:  __8/23/12_____    _____
                                                    THE HON. SUSAN ILLSTON
25                                                  United States District Judge

26

27

28

U.S. V. DUONG, et al, CR No. 12-0578 SI
STIP. & [PROP.] PROTECTIVE ORDER          4