IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NGOC DUONG, aka Danny Duong, and<br>HONG LEE WONG, aka William Wong,<br><br>    Defendants.<br>                                             / | No. CR 12-0578SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On January 14, 2014, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning January 21, 2014. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take no more than 12 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate. The Court will be unavailable after February 12, 2014, but the parties expect the trial to be completed by that time.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendants shall have ten peremptory challenges total, and each side shall have one additional peremptory challenge for the alternates.

**3.   Voir dire**: The court will conduct general voir dire, and counsel for each party shall have up to 20 minutes total to question the panel.

**4.   Jury instructions**: The Court received proposed jury instructions from the government. Defendants is reviewing them. Instructions will be settled prior to closing arguments. The Court informed counsel that if they agree on brief substantive instructions to provide to the jury before the trial, the Court will read them to the jury with the other procedural preliminary instructions. The Court will not read the conspiracy instruction separately as a preliminary instruction.

5.   **Trial exhibits**: No later than January 17, 2014, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6.   **Motions in limine**:   The parties have filed various motions in limine, all of which were discussed at the pretrial conference. The Court rules as follows:

**1.  Government's Motion #1** - Motion to admit the defendants' out-of-court statements but preclude the defendants from offering their own statements. GRANTED as to the government's motion permitting the government to introduce the defendants' own statements against them. DEFERRED as to whether the defendants may be able to offer some portions of their own statements based on fairness (e.g., Rule 106) or for non-hearsay purposes (e.g., effect on the listener).

**2.  Government's Motion #2** - Motion to preclude references to potential punishment.. GRANTED as to the defendants' potential punishments if found guilty. The defendants, however, are correct that they should be permitted to question cooperating witnesses as to the punishment they may face for their own participation in the alleged scheme, to allow the jury to evaluate credibility and bias.

**3.  Government's Motion #3 -** Motion to preclude references to unrelated investigation. This is unopposed and consequently is GRANTED, but defendants may seek permission to refer to the fact of the investigation during examination at trial.

**4. Government's Motion #4 -** Motion to admit inextricably intertwined and Rule 404(b) evidence. GRANTED IN PART.

First, the evidence of a deal based in Hawaii between the defendants and the same victims, during the charged conspiracy period will be ADMITTED because it is inextricably intertwined with the charged conduct in Louisiana. Second, the evidence that defendants offered the same scrap metal deal to two other parties will be ADMISSIBLE under Rule 404(b) as evidence of knowledge, intent, and absence of mistake (not *modus operandi* evidence). Third, the evidence that defendants offered another party the same Hawaii-based deal that it offered the victims is EXCLUDED under FRE 403; the prejudicial effect, confusion and time consumed for such evidence would substantially outweigh its probative value. Fourth, the evidence regarding the defendants' alleged offer to sell scrap metal from Arizona that they did not own to an unrelated party will be EXCLUDED because it is not inextricably intertwined and it is not probative of a fact of consequence.

The defendants also argue that Rule 403 should preclude the admission of even that evidence that Rule 404(b) would otherwise admit. However, limiting jury instructions regarding the purpose of the evidence should adequately address this issue.

**Defendants' Motion #1 -** Motion to exclude evidence under Rule 404(b). DENIED AS MOOT. The issues raised in this motion have been resolved by the Court in the rulings on Government motion #4 above.

**Defendants' Motion #2** - Motion to exclude evidence related to civil case between defendants and the victim. This motion is unopposed and consequently is GRANTED, but the parties may seek leave to ask about the fact of the litigation during examination at trial.

**Defendants' Motion #3** - Motion to exclude evidence related to defendant Wong's bankruptcy and financial status. GRANTED IN PART. The government intends to offer defendant Wong's bank records to demonstrate a connection between communications between the victims and the defendants and deposits the victims made in the defendant's account, and otherwise to demonstrate defendant's financial status. These records are relevant and will be admitted. However, to the extent the government seeks to offer evidence of defendant Wong's bankruptcy, this evidence EXCLUDED

3

as unduly prejudicial under FRE 403.

**Defendants' Motion #4 -** Motion to provide the jury with a preliminary instruction regarding conspiracy. DENIED. The Court does not believe that the conspiracy instruction alone would be helpful to the jury. The Court will, however, read preliminary substantive instructions to the jury if counsel agree on their language.

**Defendants' Motion #5 -** Motion to compel production of *Giglio* material. This motion is unopposed and is consequently GRANTED. The government asserts in its trial brief that it has already produced all *Giglio* material.

7. **Other matters**: Defendants may request interpreters (one Cantonese, one Vietnamese) should they decide to testify. Counsel are directed to provide as much notice of this as possible, so that arrangements can be made. Defendants were directed to provide their witness lists and expert reports by Thursday, January 16, 2014.

**IT IS SO ORDERED.**

Dated: January 17, 2014

_____
SUSAN ILLSTON
United States District Judge

4