IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NGOC DUONG,<br><br>　　　　Defendant.<br>_____ / | No. CR 12-00578 SI<br><br>**ORDER DENYING MOTION TO ARREST JUDGMENT** |

On May 22, 2014, the Court heard oral argument on defendant Ngoc Duong's motion to arrest judgment pursuant to Federal Rule of Criminal Procedure 34. Having considered the arguments of counsel and the papers submitted, the Court DENIES defendant's motion.

## BACKGROUND

On February 11, 2014, following a three-week trial, a jury found defendant Ngoc Duong guilty of eight counts of wire fraud, and four counts of aggravated identity theft. Dkt. No. 173. On February 25, 2014, defendant filed the instant motion to arrest judgment, pursuant to Federal Rule of Criminal Procedure 34, as to the four counts of aggravated identity theft.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 34(a) provides that "[u]pon the defendant's motion or on its own, the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." In deciding a Rule 34 motion, the Court may only examine error appearing "upon the face of the record." *United States v. Sisson*, 399 U.S. 267, 281 (1970). Thus, the Court may not find error based on the evidence adduced at trial, but is

1 instead limited to examination of the indictment and the verdict. *See United States v. Jinian*, No. CR
2 09-1103 JSW, 2011 WL 5056978, at *2 (N.D. Cal. Oct. 24, 2011) *aff'd*, 712 F.3d 1255 (9th Cir. 2013)
3 and *aff'd*, 725 F.3d 954 (9th Cir. 2013).

**DISCUSSION**

Defendant moves the Court to arrest judgment as to Counts 11, 12, 13, and 14 of the indictment – the aggravated identity theft convictions – arguing that they fail to state an offense and are therefore insufficient to support a conviction.[1]

Federal Rule of Criminal Procedure 7(c) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009). In the Ninth Circuit, an indictment is usually sufficient if it sets forth the elements of the offenses charged. *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("In the Ninth Circuit the use of a 'bare bones' information – that is one employing the statutory language alone – is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." (alteration, citation, and internal quotation marks omitted)). The test for whether an indictment is sufficient is "not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

The aggravated identity theft statute provides that "[w]hoever, during and in relation to any [enumerated felony], knowingly transfers, possesses, or uses, without lawful authority, a means of

---

[1] The government argues that defendant's motion is untimely, given that it raises putative defects in the indictment for the first time only after the jury's verdict. "An indictment's failure to state an element of the charged offense is a fundamental defect that may be challenged at any stage of a criminal proceeding." *United States v. Chesney*, 10 F.3d 641, 643 (9th Cir. 1993) (citing *United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976)). When an indictment is challenged for the first time at such a late stage of the litigation, courts liberally construe the indictment in favor of validity. *Id.* Although it may have been preferable to address this issue before involving everyone in the time and expense of a trial, Rule 34 expressly permits defendants to bring such motions following a jury verdict. *See* Fed. R. Crim. P. 34(a)-(b). Therefore the Court will not deny defendant's motion as untimely.

2

1  identification of another person shall, in addition to the punishment provided for such felony, be
2  sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1). The statute defines "means
3  of identification" as "any name or number that may be used, alone or in conjunction with any other
4  information, to identify a specific individual . . . ." *Id.* § 1028(d)(7). The statute further provides a non-
5  exhaustive list of identifying information that functions as a "means of identification." *Id.*

6        The Court finds that the indictment in this case sufficiently states charges for violation of 18
7  U.S.C. § 1028A. Count 11 of the indictment charges that defendant "did knowingly transfer, possess,
8  and use, without lawful authority, the means of identification of another person, that is, the defendant
9  used the name of a real person, George P., in a document titled 'Services Agreement'" during the
10 commission of other charged felonies. Dkt. No. 1 ¶ 17. Count 12 charges that defendant "did
11 knowingly transfer, possess, and use, without lawful authority, the means of identification of another
12 person, that is the name of the real individual Edward Q., in letters" during the commission of other
13 charged felonies. *Id.* ¶ 19. Count 13 charges that defendant "did knowingly transfer, possess, and use,
14 without lawful authority, the means of identification of another person, that is, the name and email
15 address of the real individual Aimee Q. in emails and a letter attached to the emails" during the
16 commission of other charged felonies. *Id.* ¶ 21. Count 14 charges that defendant "did knowingly
17 transfer, possess, and use, without lawful authority, the means of identification of another person, that
18 is the name and email address of the real individual Nathaniel C., in emails" during the commission of
19 other charged felonies. *Id.* ¶ 23. Each count charges that defendant, with the statutorily required
20 mental state, used a means of identification – a name, either alone or in conjunction with an email
21 address – of a real, specific individual, during and in relation to a charged felony. The indictment
22 closely tracks the statutory language. The Court therefore finds that the indictment is sufficient because
23 it sets forth the essential elements of the charged crimes "in adequate detail to inform the defendant of
24 the charge and to enable him to plead double jeopardy." *Awad*, 551 F.3d at 935.

25       Defendant argues that the aggravated identity theft statute does not criminalize use of a name
26 alone. Defendant Duong's Reply to Government's Opposition to Defendant's Motion to Arrest
27 Judgment at 4. However, the plain text of the statute is to the contrary. A defendant violates the
28 aggravated identity theft statute by "knowingly transfer[ring], possess[ing], or us[ing], without lawful

3

authority, a means of identification of another person," during and in relation to certain felonies, of which wire fraud is one. 18 U.S.C. § 1028A(a)(1). The statute defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information," provided that name or number identifies a specific individual. *Id.* § 1028(d)(7). Thus, by its explicit terms, the statute provides that use of a name alone is sufficient to violate the aggravated identity theft statute, provided it is the name of a specific individual.

The Ninth Circuit also interprets this statute to mean that use of a name alone is sufficient to establish a violation of the aggravated identity theft statute. *See, e.g.*, *United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008) (holding that "forging another's signature constitutes the use of that person's name and thus qualifies as a 'means of identification' under 18 U.S.C. § 1028A"). The Ninth Circuit also recently reiterated that Congress's use of broad language in the statute evinces its intention that the statute sweep broadly. *See United States v. Alexander*, 725 F.3d 1117, 1120 (9th Cir. 2013) ("We have previously observed that, '[b]y using the word any to qualify the term name, the [aggravated identity theft] statute reflects Congress's intention to construct an expansive definition.'") (quoting *Blixt*, 548 F.3d at 887 (alteration in original, internal quotation marks omitted)). The clear statutory language, coupled with the Ninth Circuit's interpretation, must defeat defendant's argument to the contrary; use of a name alone is sufficient to violate the aggravated identity theft statute.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES defendant's motion to arrest judgment. This Order resolves Docket No. 184.

**IT IS SO ORDERED.**

Dated: May 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4