UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HONG LEE WONG, a/k/a William Wong,<br><br>  Defendant. | Case No. 12-cr-00578 SI (NC)<br><br>ORDER RE REPAYMENT OF ATTORNEYS' FEES |

The question presented is whether criminal defendant Hong Lee Wong should be ordered to pay for his attorneys' fees because he has a current ability to afford those fees. Wong is represented at public expense by attorneys from the Federal Public Defender's office. He was convicted at trial on one count of wire fraud and one count of aggravated identity theft and is awaiting sentencing. The Court required Wong to submit updated financial information, considered information presented by the government and in the presentence report, and conducted an ex parte hearing with Wong and his counsel. Having considered all this information, the Court concludes that Wong does not have the current ability to pay for attorneys' fees and expenses. As a result, the Court does *not* order Wong to repay the government for the cost of his defense.

Case No. 12-cr-00578 SI (NC)
ORDER RE: ATTORNEY'S FEES

## A.  Legal Framework

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel."  U.S. Const. amend. VI.  "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."  *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972); *see also Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963).  Following the Supreme Court's constitutional mandate for defense counsel in criminal cases, Congress passed the Criminal Justice Act ("CJA") of 1964.  *United States v. Parker*, 439 F.3d 81, 90 (2d Cir. 2006).  "The CJA ensures that defendants who are financially unable to afford trial services necessary to an adequate defense are provided them in accordance with the Sixth Amendment."  *Id.* (citations omitted).  The Ninth Circuit, however, "has very little precedent regarding the CJA compensation system."  *Id.* at 1173; *see United States v. Meyer*, No. 13-cr-00777 PHX ROS (LOA), 2013 WL 3353771, at *2-3 (D. Ariz. July 3, 2013) (discussing Ninth Circuit cases on CJA compensation).

Title 18 U.S.C. § 3006A(c) and (f) authorizes a district court to order the partial or complete payment or repayment of court-appointed attorney's fees and expenses if it finds that the defendant has an "availability of funds."  *See United States v. Lorenzini*, 71 F.3d 1489, 1494 (9th Cir. 1995) ("[A] reimbursement order is improper if the court fails to find that the defendant has the current ability to repay the government for his attorney fees.") (internal quotation marks omitted); *United States v. Seminole*, 882 F.2d 441, 443 (9th Cir. 1989) ("The recoupment of [court-appointed counsel's] fees is controlled by 18 U.S.C. § 3006A(f) which requires the district court to make appropriate findings.") (citation omitted).

The Ninth Circuit, in both *Lorenzini* and *Seminole*, emphasized that the court's consideration of repayment of CJA fees must be targeted to a defendant's *current* ability to repay those fees.  71 F.3d at 1494.  If the court determines that the defendant has the current ability to pay for attorney's fees and expenses, it may order either complete or partial repayment of fees and expenses incurred in the case.  *Id.*  The repayment determination

must be made "in light of the liquidity of the individual's finances, his personal and familial need, or changes in his financial circumstances." *Meyer*, 2013 WL 3353771, at *2.

**B.     Analysis**

In this case, the Court appointed attorneys from the Federal Public Defender's office to represent Wong in 2012 upon his first court appearance. Dkt. Nos. 5, 20. Upon request from the government, District Court Judge Susan Illston referred the question of Wong's current financial ability to this Magistrate Judge.

The Court reviewed the following materials: Wong's initial applications for counsel, the presentence investigation report, information presented in open court by the government as to the defendant's financial circumstances, and (ex parte and under seal) updated financial records and testimony from Wong on May 30, 2014. Having considered all these materials, the Court concludes that Wong does not currently have the financial ability to repay his attorneys' fees and expenses under 18 U.S.C. § 3006A. Therefore, Wong does not need to repay any costs of his defense.

IT IS SO ORDERED.

Date: May 30, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge