United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NGOC DUONG,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 12-00578 SI<br><br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL** |

On July 18, 2014, the Court heard argument on defendant Ngoc Duong's motion for bail pending appeal. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motion.

**BACKGROUND**

On February 11, 2014, following a three-week trial, a jury found defendant Ngoc Duong guilty of eight counts of wire fraud, and four counts of aggravated identity theft. Dkt. No. 173. On May 30, 2014, the Court sentenced defendant to a total of 30 months in prison. Defendant is to self-surrender on August 8, 2014, to begin serving his sentence.

On June 9, 2014, defendant filed a notice of appeal to the Ninth Circuit, case number 14-10294. Defendant now moves the Court to permit him to continue to remain free on bond, pending his appeal.

## LEGAL STANDARD

Where a defendant is convicted and sentenced to prison, the district court is required to detain the defendant pending appeal unless the defendant can show: (1) by clear and convincing evidence that he does not pose a flight risk or danger to the community; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial issue of law or fact that is likely to result in reversal, an order for new trial on all counts for which he received a sentence of imprisonment, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). When Congress enacted the Bail Reform Act, it "shifted the burden of proof from the government to the defendant" with respect to demonstrating the propriety of remaining free on bail, pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Thus, it is the defendant's burden to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

While the first two prongs of the test present fact-based issues, the third prong requires a more extensive analysis. The Ninth Circuit has held that "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *Handy*, 761 F.2d at 1281. A question is "substantial" if it is "fairly debatable," or "fairly doubtful." *Id.* at 1283. Questions may be fairly debatable, or fairly doubtful if they are novel questions, or questions that cannot be answered by controlling precedent. *United States v. Christopherson*, No. 2:09-cr-00056-MMD-VCF, 2013 WL 820341, at *1 (D. Nev. Mar. 5, 2013) (quoting *Handy*, 761 F.2d at 1283)). "In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." *Handy*, 761 F.2d at 1281. The phrase "likely to result in [reversal or one of the other enumerated outcomes]," "defines the type of question that must be presented." *Id.* at 1281. However, a district court is not tasked with predicting the probable outcome of a defendant's appeal. *See id.* (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). Instead, "[a] court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller*, 753 F.2d at 23.

2

**DISCUSSION**

Defendant argues that he has presented clear and convincing evidence that he is unlikely to flee or pose a danger to society if he is permitted to remain free. He further asserts that his appeal is not undertaken merely for delaying purposes. Defendant also argues that the following alleged errors present substantial questions of law or fact that require the Court to permit him to remain free on bail, pending appeal: (1) the admission of testimony that defendant had fraudulently charged $85,000 to a witness's credit card; (2) that a misspelling of a name in the indictment led to an impermissible amendment of the indictment; and (3) the Court's denial of defendant's motion to arrest judgment, as well as its finding that use of a name alone qualifies as a means of identification under the aggravated identity theft statute. The defendant also raises a new argument – that the aggravated identity theft statute only punishes the misuse of a victim's identity that causes that victim economic harm. The Court shall address each issue in turn.

**1. Risk of Flight or Danger to Society.**

The Court is required to detain defendant pending appeal unless defendant proves by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any person or community if he is releases. *See* 18 U.S.C. § 3143(b)(1). Defendant argues that the Court should find that he poses no flight risk or danger because he has been free on bond during the pendency of this case, and has complied with all his bond conditions, including making all required court appearances.

The Court finds that defendant's history of complying with his bond requirements weighs in his favor. Not only did defendant make all of his pretrial appearances, he also appeared at his sentencing, knowing that he faced a mandatory minimum two-year sentence on each of his aggravated identity theft convictions. The Court therefore finds that defendant has presented clear and convincing evidence that he is not a flight risk.

The Court makes a similar finding regarding danger to the community. Although defendant has no record of violent behavior, the Ninth Circuit has held that a finding of dangerousness may be based upon economic harm to the community. *See United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992). The evidence at trial demonstrated that defendant engaged in fraudulent behavior, with the

3

articulated justification that he intended to make good in the end. However, defendant no longer works in the scrap metal business, and the Court finds by clear and convincing evidence that he does not present an economic danger to the community.[1]

**2. Substantial Question of Law or Fact.**

Even if a convicted defendant is not a flight risk and poses no danger to the community, the Court must still address the issue of whether defendant's appeal is taken for the reasons of delay, and whether it "raises a substantial question of law or fact likely to result in" any of the four enumerated outcomes.[2] *See* 18 U.S.C. § 3143(b).

The Court has reviewed defendant's stated grounds for appeal and determines that the questions he presents are not substantial. The Court shall address each of defendant's identified appellate issues individually.

First, defendant argues that the admission of a witness's testimony to the effect that defendant had used the witness's credit card without permission and charged over $85,000 to the account, over a two year period, constitutes reversible error. The Court permitted limited questioning about this matter, and instructed the jury that it could consider this evidence only for its bearing on defendant's intent or knowledge, but for no other purpose. The Court expressly instructed the jury that it could not consider the evidence for its bearing on defendant's guilt for the charged crimes. Issues bearing on the admissibility of evidence are generally committed to the trial court's sound discretion. The Court finds that the admission of the challenged testimony does not present a substantial question of law or fact, and, even if it did, resolution in defendant's favor would not be likely to result in one of the statutorily enumerated outcomes.

Second, defendant argues that the Court erred in denying his motion to arrest judgment on the grounds that use of a name alone violates the aggravated identity theft statute. As the Court noted in

---

[1] The parties have raised an issue to the Court regarding alleged misrepresentations by both defendant and the government related to defendant's financial position. The Court notes that this issue is immaterial to the outcome of the present motion, but finds no evidence that either defendant or the government has made affirmative misstatements about defendant's finances.

[2] The Court also notes that defendant's only argument that his appeal is not taken for purposes of delay is that he is raising viable legal challenges to his convictions.

4

its Order on this motion, *see* Dkt. No. 224, the law is well-settled in the Ninth Circuit that use of a name alone is enough to constitute a violation of the aggravated identity theft statute. Therefore, the Court finds that this issue does not present a substantial question of law or fact.

Third, defendant argues that a misspelling in the indictment resulted in an impermissible amendment at trial. Specifically, the indictment alleged that defendant used the name of a real person – here Edward Q. – in relation to wire fraud. At trial, it became clear that the victim's name was actually spelled Edouard, not Edward. Aside from the spelling error, the evidence demonstrated that defendant had used the victim's name in relation to wire fraud, as required for a conviction for aggravated identity theft in this case. "A minor or technical deficiency in the indictment will not reverse a conviction if there is no prejudice." *United States v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). The Court finds that this issue does not present a substantial question of law or fact.

Finally, defendant raises the new argument that the aggravated identity theft statute was only intended to punish use of a victim's identity that results in economic harm to that victim. Defendant cites no law in support of his novel reading of the statute. The Court therefore finds that this issue does not present a substantial question of law or fact.[3]

---

[3] The Court additionally notes that the issues bearing on the indictment and the reach of the aggravated identity theft statute bear only on defendant's convictions for aggravated identity theft, not his convictions for wire fraud. The Second, Third, Fifth, Seventh, Eighth, and Tenth Circuits have held that the likelihood that a substantial question, if resolved in a defendant's favor, would result in an enumerated outcome must extend to all the convictions for which imprisonment has been imposed. *See, e.g.*, *United States v. Randell*, 761 F.2d 122 (2d Cir. 1985); *Miller*, 753 F.2d 19; *United States v. Valera-Elizondo*, 761 F.2d 1020 (5th Cir. 1985); *United States v. Bilanzich*, 771 F.2d 292 (7th Cir. 1985); *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985); *United States v. Affleck*, 765 F.2d 944 (10th Cir. 1985). The Ninth Circuit has not yet considered this question.

**CONCLUSION**

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court finds that defendant has failed to overcome the presumption in favor of detention pending appeal, and therefore DENIES defendant's motion. This Order resolves Docket No. 256.

**IT IS SO ORDERED.**

Dated: July 21, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE