IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NGOC DUONG, HONG LEE WONG,<br><br>    Defendants.<br>                                       / | No. CR 12-00578 SI<br><br>**ORDER RE RESTITUTION** |

On July 18, 2014, the Court heard argument on the government's motion for restitution. Having considered the arguments of counsel and the papers submitted, the Court hereby ORDERS restitution as follows.

### BACKGROUND

On February 11, 2014, following a three-week trial, a jury found defendant Ngoc Duong guilty of eight counts of wire fraud, and four counts of aggravated identity theft, and defendant Hong Lee Wong guilty of one count of wire fraud and one count of aggravated identity theft. On May 30, 2014, the Court sentenced Duong to a total of 30 months in prison, and Wong to a total of 28 months in prison. Defendants are to self-surrender on August 8, 2014, to begin serving their sentences.

### LEGAL STANDARD

The Mandatory Victim Restitution Act ("MVRA") makes restitution to victims mandatory for specified crimes, including "an offense against property" and "any offense committed by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii), "in which an identifiable victim or victims has suffered a

physical injury or pecuniary loss." 18 U.S.C. §§ 3663A(a)(1), (c)(2). Courts are required to "order restitution to each victim in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A). The MVRA provides that "[t]he burden of demonstrating the amount of the loss sustained by a victim . . . shall be on the attorney for the Government" and that "[a]ny dispute . . . shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e).

"District courts possess a great deal of flexibility in applying the MVRA to unique factual circumstances and conducting the calculation required by § 3663A(b)(1)(B)." *United States v. Yeung*, 672 F.3d 594, 606 (9th Cir. 2012). The "primary and overarching goal" of the MVRA "is to make victims of crime *whole*, to *fully* compensate these victims for their losses and to restore these victims to their original state of well-being . . . ." *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004) (citation omitted, emphasis in original); *id.* ("[T]he purpose of restitution is to restore the defrauded party to the position he would have had *absent* the fraud.") (alteration omitted, emphasis in original)). "Generally, investigation costs – including attorneys' fees – incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct 'may be recoverable.'" *Id.* at 1057 (citation omitted). Moreover, the MVRA provides that, in cases where more than one defendant has contributed to a victim's losses, the court may hold each defendant jointly and severally liable for the entire loss amount. *See* 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.").

For purposes of the MVRA, restitution is to be paid to the "victim of an offense," that is, "one harmed by the offense of conviction." *United States v. Napier*, 463 F.3d 1040, 1046 (9th Cir. 2006). However, "[r]estitution may go beyond the offense of conviction under certain conditions if the offense of conviction contains an element of a scheme, conspiracy or pattern of criminal activity . . . ." *Id.*

//

2

**DISCUSSION**

The government asks the Court to order that defendants pay Cheery Way, c/o Elaine Chiu, $463,281.31 in restitution, and to hold defendants jointly and severally liable. That figure is further broken down as follows:

(1) $100,000 pursuant to a contract signed by both defendants, paid out in one $40,000 payment on September 22, 2010, and two $30,000 payments on October 8, 2010 and October 29, 2010;
(2) $250,000 Wong owed Cheery Way, that it agreed to apply to the price of the scrap metal it contracted for in the Six Flags deal;
(3) $71,500 paid to defendant Wong as "working capital" on the Six Flags deal; and
(4) $41,781.31 in legal fees and costs that Cheery Way paid to its attorney in litigation related to the Six Flags dispute.

In support of these figures, the government offers trial exhibits documenting the payments made to and debts owed by defendants, as well as a declaration from Cheery Way's attorney setting forth the invoices for payments Cheery Way made to him in relation to the Six Flags litigation.

The Court finds that the government has met its burden of proving, by a preponderance of the evidence, that $166,781.31 is the appropriate amount of restitution in this case. First, although there is ample evidence that Cheery Way paid the defendants $100,000 pursuant to the contract, at the hearing, Duong presented evidence that he paid back $30,000 of that money. Absent any evidence that Cheery Way ever paid Duong money for any other deals, the Court finds that only $70,000 of that $100,000 contract amount is recoverable through restitution.

Second, the Court finds that the $250,000 owed by Wong to Cheery Way cannot be recovered through restitution. Wong owed Cheery Way $250,000 from other deals that had not proceeded according to plan. However, there is no evidence that Wong could or would have paid back this money, even without the Six Flags deal. Accordingly, the Court finds that Cheery Way would have faced the loss of this money even absent defendants' fraudulent conduct.

Third, the Court finds that the proper amount of restitution for the "working capital" is $55,000. The Court is persuaded by counsel's arguments at the hearing that some portion of the claimed $71,500 may have been either for legitimate expenses, or for expenses unrelated to the Six Flags deal. Government counsel asserted that $55,000 of that money is unquestionably related to the Six Flags deal. Accordingly, the Court finds that $55,000 of that $71,500 is recoverable through restitution.

Fourth, the Court finds that the $41,781.31 in legal fees is recoverable through restitution. Cheery Way's counsel submitted a declaration stating that the itemized fees were incurred only in relation to his work for Cheery Way on the Six Flags deal. The Court is satisfied that this $41,781.31 is properly recoverable as restitution.

Finally, although both defendants object to the imposition of joint and several liability, the Court further finds that, pursuant to their convictions for wire fraud, both defendants participated in a scheme to defraud Cheery Way, and it is therefore appropriate that each defendant should be liable for the entire loss amount.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS the government's request for restitution. Each defendant shall be jointly and severally liable in the amount of $166,781.31. This Order resolves Docket No. 263.

**IT IS SO ORDERED.**

Dated: July 21, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4